IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **JOHN COLLINS** | : |
| 120 9th North Avenue | : |
| Teague, TX 75860 | : |
| | : |
| **Plaintiff** | : |
| v. | : |
| | : NO. 6:17-cv-224 |
| **BNSF RAILWAY COMPANY, f/k/a** | : |
| Burlington Northern and Santa Fe | : |
| Railway Company | : |
| 2650 Lou Menk Drive | : **JURY TRIAL DEMANDED** |
| Fort Worth, TX 76131 | : |
| | : |
| **Defendant.** | : |

## COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., (FELA) and the Federal Locomotive Inspection Act which grants this Court jurisdiction over this action.

2. Plaintiff, John Collins, is an adult individual residing at the above captioned address.

3. Defendant, BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railway, and successor in interest to Burlington Northern Railroad and the Atchison, Topeka and Santa Fe Railway, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as common carriers by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States, including the State of Texas.

4. From 1997 to 2011, the Plaintiff was employed by the Defendant railroad as a

brakeman/conductor/engineer and was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

5. During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings, locomotives and along its right of ways, Plaintiff was exposed to various toxic substances and carcinogens including but not limited to chemicals, solvents, diesel fuel/exhaust, benzene, heavy metals, creosote, manganese and rock/mineral dust and fibers.

6. Plaintiff's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of colon and liver cancer.

7. Plaintiff's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

8. The Plaintiff's cancer and related diseases are the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operations, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

9. Defendant's negligence consisted of:

    (a) Failed to use ordinary care and caution to provide the Plaintiff with a reasonably safe place in which to work as required by the FELA;

    (b) Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's exposure to toxic materials and carcinogens;

(c) Failed to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(d) Failed to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

(e) Failed to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways

(f) Failed to periodically test employees such as the Plaintiff for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff as to the test results;

(g) Failed to warn the Plaintiff's decedent of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

(h) Failed to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff, to carcinogens;

(i) Failed to provide the Plaintiff's decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens;

(j) Failed to provide the Plaintiff's decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens and;

(k) Failed to provide the Plaintiff with locomotives that had proper and adequate ventilation, the failure of which allowed dust, fibers and toxins to accumulate and, subsequently, be inhaled by the Plaintiff.

10. The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

11. As a direct result of the negligence of the Defendant railroad, the Plaintiff experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

12. Plaintiff suffers from a fear of death as a result of his cancer.

13. Plaintiff seeks all damages recoverable under the FELA.

14. Less than three (3) years before Plaintiff's Complaint was filed he first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, John Collins, demands judgment against the Defendant in a sum in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

BERN CAPPELLI

Dated: April 19, 2017

BY:   /s/ Shawn M. Sassaman
SHAWN M. SASSAMAN
Attorney for Plaintiffs
101 West Elm Street
Suite 630
Conshohocken, PA  19428
(610) 941-4444
(610) 941-9880 fax